## TICKLES v. E. I. DUPONT DE NEMOURS & CO., Inc.

### No. 2039.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1939.

Moise Thibodeaux, of Baton Rouge, for appellant.

Taylor, Porter & Brooks and C. W. Phillips, all of Baton Rouge, for appellee.

LE BLANC, Judge.

Plaintiff was employed as a laborer by the defendant, E. I. Dupont de Nemours & Co., Inc., whom he is suing for compensation for total, permanent disability at the rate of $13 per week for a period not exceeding four hundred weeks and in addition is asking for judgment against in the sum of $250 for medical expenses.

He alleges that his work consisted in lifting large lavatory cans, filled with latrine, from the ground and pouring the contents into a large tank on a wagon in which it was conveyed to some suitable place of disposal. These cans, when filled weighed over two hundred pounds and two men were required to lift and handle them.

He alleges that on July 26, 1938, at about eleven o'clock in the morning, while lifting one of these cans he felt a violent pain in the region of his back and hip and he was so weakened there was nothing that he could do but lie down. He avers further that immediately he was taken to the plant hospital where he was given medical treatment, and it was two hours before he could walk. He then sets out that immediately after said injury, he was given a written recommendation by the first aid attendant and by the company's doctor that he should be given work that was free from lifting until his back and shoulder got better, but that instead of being assigned such work, his foreman put him back on the same job he had and although he tried to continue he was unable to do anything.

Plaintiff then alleges in detail the examinations and treatment he received at the hands of several doctors in spite of all of which he continues to suffer and therefore he alleges further he is suffering from an injury which is permanent and which

totally disables him from doing work of a reasonable character.

In its answer the defendant admits that plaintiff was in its employ having worked as a laborer and also as a janitor. Although it admits that on the day alleged by him he went to the first aid room at about two o'clock in the afternoon complaining that he suffered a backache, it denies that he suffered an injury to his back at the time alleged by him. In fact defendant denies that plaintiff sustained any accidental injury whatever for which it owes him compensation, and this may be said to be the defense in the case.

■ The district judge rendered judgment in favor of the defendant and dismissed the plaintiff's suit. The latter has appealed. No written reasons were assigned for judgment but it is apparent that the district judge found that plaintiff had not supported his claim of having sustained an accidental injury. In order for this court to reverse his finding on this question of fact, it would be necessary for us to point out manifest error and from our consideration of the record we are satisfied that no such error appears.

■ The plaintiff was either examined or treated by ten doctors and he hospitalized at the Ardoin Sanitarium in Ville Platte, and at Charity Hospital in New Orleans. All of the ten doctors except one, Dr. T. Spec Jones, testified either at the trial of the case or by deposition. No reason is given for Dr. Jones' failure to testify although his associate, Dr. Thomas Y. Gladney, did appear as a witness for the plaintiff. Whilst some of the doctors who examined the plaintiff are not of that opinion, there is considerable amount of medical testimony to the effect that plaintiff has a sacro-iliac strain or, as Dr. Lester J. Williams, well known Roentgenologist, calls it, "a separation of the right sacro-iliac synchondrosis." When we come to ascertaining definitely what produced the strain or separation however, we find ourselves engaged in a hopeless task so far as the medical testimony goes. To support his claim for compensation it was necessary for the plaintiff to prove that the strain or separation was sustained in, or caused by the accidental injury alleged to have been suffered by him on July 26, 1938, and this he has failed entirely to do.

Plaintiff's testimony that he did have such an accident is not supported by any other witness and he has contradicted himself in so many instances that it would be difficult indeed for the court to accept his lone statement on that, the all important point in the case. Not only however does his testimony stand alone but it is contradicted by the two witnesses called by him to corroborate it.

■ Plaintiff's version of what happened is as follows: He was assisting Ralph Butler in lifting a latrine can filled with urine and waste matter and which he judged weighed two hundred pounds when, in attempting to make a step his right foot slipped causing him to strain and let loose of the can. As he tried to straighten up he was struck with a violent pain and had to sit down. He asked Benny Franklin, who acted as a straw boss over him and Butler, what he should do and Franklin told him to go to the hospital. Franklin does not seem to know anything about plaintiff having been hurt and going to the hospital. He only heard it reported that he had been hurt but does not remember when that was. Ralph Butler likewise does not know anything about plaintiff getting hurt. He says that he complained of being sick but did not quit working. They worked together until they finished the job they were on and all he knows of what happened afterwards, is that he went to work on some other job. He knows nothing whatever about plaintiff having gone to the hospital. Butler and Franklin, as well as B. W. Stevenson, labor foreman, also called as a witness by plaintiff, contradict the latter's testimony about the weight of the cans and testify that the maximum weight of any one when filled would be about sixty pounds.

Counsel for plaintiff places strong reliance on the certificate issued by a first aid attendant to the effect that plaintiff should be given work that was free from lifting. Counsel contends that this is corroborating testimony that plaintiff had sustained a back injury. It is so that he was given such a certificate and the same is dated the day he claims to have strained his back but the certificate of itself affords no proof that he was suffering a back ache from an accident. If his own witnesses had not denied his version of how he was injured, it might well be considered in the nature of corroborating testimony but in the light of that denial and of the further fact that the certificate itself makes no reference to any accidental injury, it cannot be accepted other than rem ipsam. Besides,

there is the testimony of Dr. B. B. Lane to the effect that on June 30, 1938, four days after. plaintiff's alleged accident, he found him suffering from some venereal infection and prostatitis, with pains in the lower part of his back. There is other medical testimony on the point that such a condition could cause pain in the region of the back where plaintiff complained he suffered.

As we have previously stated it does appear that plaintiff has or had a back condition which impairs his ability to work. In order to recover compensation from his employer however he had to show with legal certainty that that condition resulted from accidental injury sustained in the scope and in the course of his employment. This, in our opinion, no more than in the opinion of the district judge, he did not do.

For the reasons stated it is therefore ordered that the judgment appealed from be affirmed.